IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0149-WS-M |
| | ) |
| THE BOARD OF COMMISSIONERS OF | ) |
| THE HOUSING AUTHORITY OF THE | ) |
| CITY OF PRICHARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss or to Require Plaintiff to Allege § 1983 Claims with Particularity (doc. 8), Motion to Dismiss Title VII Claims Against Individually Named Defendants (doc. 9) and Motion to Dismiss Plaintiff's Title VII and Section 1981 Claims (doc. 10), as well as on Plaintiff's Motion for Leave to File Second Amended Complaint (doc. 19). The Motions have been briefed and are now ripe.

Plaintiff, Donald Jackson, brought this action alleging employment discrimination, retaliation and possibly other civil rights violations against a host of defendants, including the Board of Commissioners of the Housing Authority of the City of Prichard, the Housing Authority itself, and four individual defendants affiliated with the Housing Authority. On May 30, 2017, defendants, all of whom are represented by the same counsel, filed a trio of Motions to Dismiss, seeking dismissal of various aspects of the First Amended Complaint. In one Motion, defendants argue that Jackson's § 1983 claim should be dismissed as insufficiently pleaded. In another, they move for dismissal of Jackson's Title VII claims against the individual defendants. And in the third, defendants request dismissal of Jackson's Title VII claims as time-barred and dismissal of his § 1981 claims on the ground that the statute is unavailable to remedy his allegations of gender discrimination.

During the ensuing briefing process on the Motions to Dismiss, Jackson filed a Motion for Leave to File Second Amended Complaint (doc. 19). In that Motion, Jackson did not

enumerate specifically what modifications he sought to make in his new amended pleading, but indicated that "[t]he proposed Second Amended Complaint merely pleads facts that cure the facial deficiencies … identified by Defendants' motion to Dismiss." (*Id.* at 4.) A side-by-side comparison of the First Amended Complaint (doc. 5) and the proposed Second Amended Complaint (doc. 19-1) reveals wholesale alterations, in both substance and formatting, between the two documents. It appears that Jackson is seeking to delete certain claims, modify other claims, and furnish an expanded factual predicate for other claims, all as a means of addressing the objections raised in defendants' Motions to Dismiss.

In response to the Motion for Leave to File Second Amended Complaint, defendants filed an Opposition (doc. 22) centered on one particular aspect of the proposed amendment. Jackson's First Amended Complaint alleged that "plaintiff was forced to leave defendant's employ on February 12, 2016 by defendant's letter of termination." (Doc. 5, ¶ 11.) That factual allegation looms large in defendants' Motion to Dismiss Plaintiff's Title VII and Section 1981 Claims (doc. 10), in which they argue that Jackson's Title VII claims are time-barred because he failed to file an EEOC charge within 180 days after the termination of his employment. (Doc. 10, at 3-7.) In the proposed Second Amended Complaint, however, Jackson repeatedly identifies his termination date as September 12, 2016, not February 12, 2016. (*See* doc. 19-1, ¶¶ 4, 72.) It appears that the February 12 date coincides with defendants' issuance to Jackson of a letter of termination, whereas September 12 is the date on which the defendant Board of Commissioners announced its decision on Jackson's appeal, upholding the termination of his employment. (*See* doc. 5, at Exhs. B & C.) This designation of a different termination date may or may not be legally correct, and may or may not affect the Title VII timeliness analysis.[1]

Jackson's Motion for Leave to Amend is governed by Rule 15, which provides that, as a general proposition, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when the

---

[1] Indeed, defendants' Motion to Dismiss recognized the possibility that Jackson might contend that his actual termination date was September 12, 2016, and argued that the Title VII claim was untimely either way. (*See* doc. 10, at 7 ("Even assuming, arguendo, that the Court finds that Mr. Jackson's date of termination was '9-12-2016' … his Title VII claims were not filed within the 180 day limitations period, are time-barred, and due to be dismissed.").)

underlying facts or circumstances relied upon by a plaintif may be a proper subject of relief." *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (citation and internal quotation marks omitted). In light of the relaxed Rule 15(a) standard, "[d]istrict courts have limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Com'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citation and internal marks omitted). The substantial reasons that may justify denial of a motion to amend include undue delay, bad faith, undue prejudice, and futility.[2]

Defendants contend that Jackson's Rule 15(a)(2) Motion should be denied for three reasons, all relating to the inclusion of a September 12, 2016 termination date in the proposed Second Amended Complaint, as contrasted with the February 12, 2016 date specified in the First Amended Complaint. First, defendants posit that Jackson "should be bound by his earlier admission in a pleading" that his employment was terminated on February 12, not September 12. (Doc. 22, at 5.) It is, of course, correct that "[t]he general rule [is] that a party is bound by the admissions in his pleadings." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) (citation omitted). But nothing in that general rule would forbid a plaintiff from modifying well-pleaded factual allegations in a complaint via amendment pursuant to Rule 15. Defendants cite no authority supporting the proposition that once a plaintiff pleads a fact in his complaint, he is deemed irrevocably to have admitted that fact for all time and is powerless to amend that factual allegation pursuant to Rule 15(a)(2).

Second, defendants assert that Jackson's attempt to change the termination date from February 12, 2016 to September 12, 2016 demonstrates "bad faith" that justifies denial of the amendment. In defendants' words, "[b]ecause Plaintiff is attempting to amend the complaint, to essentially revise factual allegations in a manner which appears to be untrue, the Court should deny the amendment on bad faith grounds." (Doc. 22, at 8.) However, Jackson's proposed

---

[2] *See, e.g., Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) ("Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.") (citation omitted); *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) ("Leave may be denied because of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.") (citation and internal quotation marks omitted).

amendment does not appear to be the product of bad faith, and the proposed Second Amended Complaint does not appear to set forth knowing misrepresentations of the facts. The issue of Jackson's termination date is more of a legal question than a factual question in the circumstances presented here. Here is why: Everyone agrees that Jackson received a letter on or about February 12, 2016 telling him that his employment had been terminated, effective immediately. (Doc. 5-1, Exh. C.) Everyone agrees that Jackson pursued internal appeal remedies before the Board of Commissioners of the Prichard Housing Authority, and that the Board sent Jackson a letter on September 12, 2016 informing him of its decision to uphold the termination. (Doc. 5-1, Exh. B.) Whether, given those undisputed facts, the 180-day Title VII clock commenced running with the February 12 letter or the September 12 letter is ultimately a legal question. Jackson may or may not be correct in his legal theory that the 180-day limitations period commenced with the September 12 letter, rather than February 12 letter. But the Court cannot and does not find in these circumstances that Jackson's espousal of that theory in his proposed Second Amended Complaint is intentionally misleading or otherwise indicative of bad faith. Rather, Jackson is adjusting his legal theories in light of defendants' arguments presented in their Motions to Dismiss. This is permissible under the Federal Rules of Civil Procedure. *See, e.g., Sherrod v. McHugh*, --- F. Supp.3d ----, 2017 WL 1316915, *1 (D.D.C. Apr. 7, 2017) ("parties may move to amend to 'clarify and amplify' the allegations in their complaint in light of facts learned during discovery and ***arguments made by the opposition***") (emphasis added).

Third, defendants complain that they would incur undue prejudice if the amendment were allowed "[b]ecause the Second Amended Complaint seeks to raise significant new facts – a new termination date." (Doc. 22, at 9.) This argument is undermined by defendants' discussion of the legal implications of a possible September 12 termination date in a court filing that predates the proposed Second Amended Complaint by more than two weeks. Indeed, defendants acknowledged in one of their Motions to Dismiss that there is or may be uncertainty as to whether the February 12, 2016 date or the September 12, 2016 date is operative for limitations purposes, but that Jackson's EEOC Charge was untimely "whether the date of termination (February 12, 2016) or the date of denial of the appeal (September 12, 2016) is used." (Doc. 10, at 7 n.4.) Defendants cannot credibly claim undue prejudice when plaintiff seeks to amend his pleading to assert a legal theory that defendants expressly acknowledged and directly addressed in a Rule 12(b)(6) Motion preceding the amendment. Their filings demonstrate that defendants

have always known of the possibility that Jackson would argue that the 180-day limitations period began running on September 12, 2016 rather than February 12, 2016. The proposed Second Amended Complaint makes Jackson's election of that theory explicit. It does not unfairly surprise defendants. It does not place defendants at a strategic disadvantage. And it certainly does not work any injustice on them.

For all of the foregoing reasons, plaintiff's Motion for Leave to File Second Amended Complaint (doc. 19) is **granted** pursuant to Rule 15(a)(2), Fed.R.Civ.P. In accordance with Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **July 10, 2017**, to file as a freestanding pleading his Second Amended Complaint, in substantially the same form as the proposed amended pleading appended to his Motion as an exhibit. Upon such filing, the Second Amended Complaint will become the operative pleading in this matter, and Jackson's First Amended Complaint (doc. 5) will be superseded and will be of no further force or effect.[3]

In the wake of this amendment to the pleadings, it appears that Jackson has addressed multiple issues raised by defendants in their three pending Motions to Dismiss. Whether those modifications to Jackson's pleading are adequate to neutralize defendants' previously raised arguments for dismissal, or whether they may have opened the door for defendants to raise other or different arguments for dismissal, cannot be readily determined from the existing briefs, which were directed at the First Amended Complaint, not the Second Amended Complaint. Thus, it is not entirely clear whether defendants wish to continue to assert all arguments found in their original Motions to Dismiss, whether they wish to tweak or supplement those arguments, whether they wish to abandon those arguments, and so on. Rather than speculating as to movants' intentions or attempting to synchronize the arguments presented in the parties' existing

---

[3] *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations and internal marks omitted); *Thomas v. Home Depot USA, Inc.*, 661 Fed.Appx. 575, 577 (11th Cir. Sept. 8, 2016) ("Generally speaking, an amended complaint supersedes the original complaint: averments against one's adversaries dropped from the original complaint no longer count.").

briefs concerning the pending Motions to Dismiss with a complaint that may have been amended in material respects in the interim, a far more efficient approach is to deem defendants' Motions moot and set new deadlines for responsive pleadings or Rule 12(b) motions relating to the Second Amended Complaint.  Accordingly, defendants' Motions to Dismiss (docs. 8, 9, 10) are **moot** because they relate to a pleading that has been superseded.  Defendants' answer or Rule 12(b) motion in response to the Second Amended Complaint is due on or before **July 20, 2017**. Should defendants wish to renew their Motions to Dismiss, they should file a single omnibus Rule 12(b) motion that (in addition to any new or different grounds for relief sought) reproduces in full any arguments that they intend to reassert from their prior Rule 12(b) Motions, so that the briefing on the renewed motion is self-contained, without merely adopting by reference the contents of previous briefs relating to now-moot motions.

      DONE and ORDERED this 6th day of July, 2017.

                                                      s/ WILLIAM H. STEELE
                                                     UNITED STATES DISTRICT JUDGE