**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DONALD JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 17-0149-WS-M** |
| | ) | |
| **THE BOARD OF COMMISSIONERS OF THE HOUSING AUTHORITY OF THE CITY OF PRICHARD, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This closed matter comes before the Court on defendant's Bill of Costs (doc. 57). The costs for which defendants seek reimbursement consist of $2,284.44 in court reporter fees spanning four depositions. The 14-day period prescribed by Civil L.R. 54(a)(3) for any party opposing taxation of costs to file objections has expired, and no such objections have been presented. Accordingly, the Bill of Costs is properly taken under submission at this time.

Plaintiff, Donald Jackson, brought this action against his former employer, the Housing Authority of the City of Prichard, and certain related defendants alleging that they terminated his employment in retaliation for his engaging in protected speech, in violation of the First Amendment. On August 2, 2018, the undersigned entered an Order (doc. 55) and Judgment (doc. 56), granting summary judgment in defendants' favor and dismissing this action in its entirety. On August 16, 2018, within the time frame specified by Civil L.R. 54(a)(1), defendants filed a Bill of Costs itemizing certain deposition transcription fees for which they seek reimbursement. The Bill of Costs was accompanied by a declaration by defendants' counsel of record, as required by 28 U.S.C. § 1924, to the effect that these costs were correct, that they were necessarily incurred in this action, and that the services for which fees have been charged were actually and necessarily performed.

Pursuant to Rule 54(d), Fed.R.Civ.P., the general rule is that costs "should be allowed to the prevailing party." *Id.* However, this rule does not confer upon district courts unfettered

discretion to "tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Rather, statutory authorization is a necessary condition to the shifting of costs. *See West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *see also U.S. Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("a court may only tax costs as authorized by statute"). "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" in awarding costs to a prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

With regard to deposition transcripts, the relevant statute provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Deposition transcript fees are not recoverable if they were incurred "for convenience, to aid in thorough preparation, or for purposes of investigation only." *W&O*, 213 F.3d at 620 (citations omitted); *see also Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 202 (D.N.J. 2010) ("Costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed.") (citation omitted). Here, defendants seek taxation of costs relating to the deposition transcripts of Donald Jackson, Charles Pharr, Felicia Snow and Jason Cummings. Defendants used and relied on each of those deposition transcripts in briefing their Rule 56 Motion, and submitted excerpts of same in support of that motion.[1] Such deposition transcript fees (in the total sum of **$2,284.44**) are properly taxable as costs because these transcripts were necessarily obtained by defendants for use in the case. *See W&O*, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (citation and internal quotation marks omitted).

---

[1] Also, all of those deposition transcript fees are duly confirmed and documented by invoices appended to the Bill of Costs. *See generally Matusick v. Erie County Water Authority*, 774 F. Supp.2d 514, 533 (W.D.N.Y. 2011) ("only those deposition transcripts confirmed by invoice should be taxed as costs"); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp.2d 696, 709 (E.D. La. 2009) ("[a] party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred").

For all of the foregoing reasons, costs are hereby **taxed** against plaintiff pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1), Fed.R.Civ.P., in the total amount of **$2,284.44**.

DONE and ORDERED this 4th day of September, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE