# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONALD JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0149-WS-M |
| | ) |
| THE BOARD OF COMMISSIONERS | ) |
| OF THE HOUSING AUTHORITY OF | ) |
| THE CITY OF PRICHARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This closed matter comes before the Court on plaintiff Donald Jackson's Motion to Proceed without Prepayment of Fees (doc. 59). On August 30, 2018, Jackson filed a Notice of Appeal (doc. 58) indicating that he is appealing from the Order and Judgment entered on August 2, 2018, granting summary judgment in defendants' favor on all claims and causes of action asserted herein.[1] Jackson now seeks leave to pursue his appeal *in forma pauperis*.

In general, "[t]o proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be frivolous." *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Jackson satisfies neither requirement. To satisfy the economic eligibility requirement, a plaintiff must show "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The court file confirms that Jackson paid the $400 filing fee to commence this action last year. Nothing in Jackson's IFP affidavit reflects that his financial conditions have materially worsened in the interim. He reports income of $634.00 weekly (or $2,536 monthly), as well as assets including a home whose

---

[1] Jackson was represented by counsel at all stages of this matter through and including the August 2 Order and Judgment; however, he has filed his Notice of Appeal and IFP Motion *pro se*. No motion to withdraw from the representation has been filed by plaintiff's counsel of record.

estimated value is $250,000 and two automobiles whose combined present value exceeds $22,000. These facts are incompatible with a finding of poverty or indigence for *in forma pauperis* purposes. Based on the foregoing, Jackson has not shown that he is unable to pay the appellate filing fee and still support and provide necessities for himself and his dependents. He is therefore ineligible to proceed *in forma pauperis* on appeal.

Even if Jackson could satisfy the economic eligibility requirement, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp.2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

For the reasons stated in the August 2 Order, the undersigned **certifies** that Jackson's appeal is not taken in good faith because it is plainly frivolous. Jackson stated that the only claim he was pursuing in this action was one of retaliation for engaging in protected speech under the First Amendment; however, Jackson's own testimony unequivocally demonstrated that the subject speech was in accordance with his ordinary job responsibilities, such that it was beyond the scope of First Amendment protection. Furthermore, there was no record evidence supporting a reasonable inference that Jackson's speech implicated a matter of public concern (even if he had been speaking as a citizen, rather than an employee, which he was not). Finally, the summary judgment record was devoid of any evidence that the purportedly protected speech was a substantial motivating factor in defendants' decision to terminate his employment; indeed, the uncontroverted evidence was that the person who terminated Jackson's employment was

unaware of his protected speech.  Given these glaring infirmities of proof in the summary judgment record, Jackson's appeal of the August 2 Order granting summary judgment in defendants' favor is plainly frivolous and not taken in good faith.

For both economic eligibility and frivolity reasons, then, plaintiff's Motion to Proceed without Prepayment of Fees (doc. 59) is **denied**.

DONE and ORDERED this 5th day of September, 2018.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE